**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| **Old Republic Insurance Company,** | ) | **Case No. ___________________** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **COMPLAINT** |
| | ) | |
| **Sunbelt Rentals, Inc., and Mechanical Systems & Services, Inc.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ________________________________ | ) | |

Plaintiff Old Republic Insurance Company ("Old Republic"), by and through its undersigned counsel, complaining of Defendants Sunbelt Rentals, Inc. ("Sunbelt") and Mechanical Systems & Services, Inc. ("MSS"), alleges and pleads as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is a foreign corporation registered and existing pursuant to the laws of the State of Pennsylvania, with its principal place of business in Chicago, Illinois.

2. Upon information and belief, Defendant Sunbelt is a corporation organized and existing pursuant to the laws of the State of North Carolina, with its principal place of business in North Carolina.

3. Upon information and belief, Defendant MSS is a corporation organized and existing pursuant to the laws of the State of North Carolina, with its principal place of business in North Carolina.

4. This action seeks declaratory relief against Defendant Sunbelt. Defendant MSS is named as a party to this action because Defendant MSS is the named insured under the relevant policy of insurance issued by Old Republic.

5. The jurisdictional amount exceeds Seventy-Five Thousand Dollars ($75,000), as a declaration is sought regarding coverage under a commercial general liability insurance policy with coverage limits of $1,000,000 per occurrence, $2,000,000 general aggregate limit, and $2,000,000 products/completed operations aggregate limit. Further, this lawsuit is brought in reference to a South Carolina state court lawsuit brought by Brandon Ford against Sunbelt in which Ford alleges allegations arising out of an accident involving a 36' single manlift that fell during an attempted delivery process, causing Ford injuries. Sunbelt has asserted third-party claims against MSS in the state court lawsuit. Upon information and belief, in the state court lawsuit, Ford seeks in excess of $75,000.

6. This Court has subject matter jurisdiction over this matter pursuant to Article III of the United States Constitution, 5 U.S.C. § 701 et seq., and 28 U.S.C. § 1332.

7. Plaintiff files this declaratory judgment action under 28 U.S.C. § 2201.

8. Venue is proper in the Greenville Division because a substantial part of the events or omissions giving rise to the claim occurred in Greenville County, South Carolina.

9. Upon information and belief, this Court has personal jurisdiction over Defendants.

## FACTS

### The Old Republic Policy

10. Defendant MSS is the named insured under commercial general liability policy number MWZY 316535 22, issued by Plaintiff Old Republic, with a policy period running from March 1, 2022, through March 1, 2023 (the "Old Republic Policy"). MSS's mailing address listed on the Declarations Page of the Old Republic Policy is 11524 Wilmar Blvd., Charlotte, NC 28273. A certified copy of the policy is attached as **Exhibit 1**.

11. The Old Republic Policy identifies the following named insured and mailing address:

> Mechanical Systems & Services, Inc.
> 11524 Wilmar Blvd.
> Charlotte, NC 28273

12. The Old Republic Policy provides as follows:

> *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.*

13. The Old Republic Policy defines "insured" as "*any person or organization qualifying as such under Section II – Who Is An Insured.*"

14. Under "Section II – Who Is An Insured," the Old Republic Policy provides as follows:

> ***1.*** *If you are designated in the Declarations as:*
> …
> ***c.*** *A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.*

15. The Old Republic Policy includes an "Additional Insured – Lessor of Leased Equipment" endorsement which modifies insurance under the Commercial General Liability Coverage part and provides as follows:

> ***A. Section II – Who Is An Insured*** *is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your maintenance, operation or use of equipment leased to you by such person(s) or organization(s).*

*However:*
***1.*** *The insurance afforded to such additional insured only applies to the extent permitted by law; and*
***2.*** *If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.*

***B.*** *With respect to the insurance afforded to these additional insureds, this insurance does not apply to any "occurrence" which takes place after the equipment lease expires.*

***C.*** *With respect to the insurance afforded to these additional insureds, the following is added to* ***Section III – Limits Of Insurance:***
*If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:*
***1.*** *Required by the contract or agreement; or*
***2.*** *Available under the applicable limits of insurance;*
*whichever is less.*
*This endorsement shall not increase the applicable limits of insurance.*

16. The Old Republic Policy's "Additional Insured – Lessor of Leased Equipment" endorsement's schedule provides as follows:

SCHEDULE

| |
|---|
| **Name Of Additional Insured Person(s) Or Organization(s):**<br>All persons or organizations as required by written contract or agreement |

17. The Old Republic Policy contains additional provisions, conditions, and exclusions, and Old Republic incorporates the policy in its entirety herein.

## The Ford Lawsuit

18. On or about July 6, 2023, Brandon Ford ("Ford") filed a summons and complaint in the Greenville County, South Carolina Court of Common Pleas, Case No. 2023-CP-23-03444, captioned *Brandon Ford v. Trinity Transport & Towing, LLC, Inc. d/b/a Trinity Transport & Towing LLC* (the "Ford Lawsuit").

19. On or about September 11, 2023, Ford filed an amended complaint. The amended complaint added Sunbelt as a defendant. A copy of the amended complaint is attached hereto as **Exhibit 2**.

20. The amended complaint in the Ford Lawsuit alleges that, on or about September 14, 2022, Sunbelt entered into a contract to provide a "36' single manlift push-type equipment for use at a construction project in Greenville, South Carolina." **Ex. 2**, ¶ 6.

21. The amended complaint in the Ford Lawsuit alleges that Ford was an employee of the company that was renting the equipment from Sunbelt. **Ex. 2**, ¶ 8.

22. Ford's employer and the company that was renting the equipment from Sunbelt was MSS.

23. The amended complaint in the Ford Lawsuit alleges that Sunbelt hired Trinity Transport & Towing LLC, Inc. ("Trinity Transport") to deliver the equipment. **Ex. 2**, ¶ 7.

24. The amended complaint in the Ford Lawsuit alleges that, upon arrival at the delivery location, Trinity's driver requested that Ford assist in unloading the equipment. **Ex. 2**, ¶ 17.

25. The amended complaint in the Ford Lawsuit alleges that, as the Trinity driver "attempted to lower the bed of the truck and unload the equipment, [the equipment] fell directly onto [Ford], causing serious and permanent physical injuries." **Ex. 2**, ¶ 18.

26. The amended complaint in the Ford Lawsuit asserts negligence causes of action against Sunbelt and Trinity. **Ex. 2**, ¶¶ 20-28.

27. On or about November 27, 2023, Sunbelt filed its answer to the amended complaint in the Ford Lawsuit. A copy of Sunbelt's answer is attached hereto as **Exhibit 3**.

28. In its answer to the amended complaint, Sunbelt asserted a cross-claim against Trinity. **Ex. 3**, ¶¶ 43-63.

29. Sunbelt alleges Trinity "entered into an agreement with [Sunbelt] for the safe transfer and hauling of the subject equipment from [Sunbelt's] store location to the alleged incident location." **Ex. 3**, ¶ 45.

30. Sunbelt further alleges Trinity "improperly unloaded the subject equipment and/or improperly allowed [Ford] to assist in unloading the subject equipment, resulting in the alleged incident occurring." **Ex. 3**, ¶ 45.

31. In its cross-claim against Trinity, Sunbelt asserts causes of action for negligence, breach of contract, equitable indemnification, and contribution. **Ex. 3**, ¶ 51-63.

32. On or about January 31, 2025, Sunbelt filed an amended answer to the amended complaint. A copy of Sunbelt's amended answer is attached hereto as **Exhibit 4**.

33. In its amended answer, Sunbelt asserts a third-party complaint against MSS. **Ex. 4**, ¶¶ 66-109.

34. In its third-party complaint against MSS, Sunbelt alleges Sunbelt and MSS entered into a contract regarding the leasing of certain equipment for MSS's use at a construction site. **Ex. 4**, ¶ 73.

35. In its third-party complaint against MSS, Sunbelt alleges the contract "provided that MSS assumed all risk associated with the equipment leased from Sunbelt, including the unloading of equipment." **Ex. 4**, ¶ 74.

36. In its third-party complaint against MSS, Sunbelt alleges the contract provided that, "whether or not MSS was at fault, . . . MSS would hold harmless, indemnify, and defend Sunbelt

in relation to any incident or injury caused by or connected with the use, possession, or control of the leased equipment." **Ex. 4**, ¶ 74.

37. In its third-party complaint against MSS, Sunbelt asserts causes of action for contractual indemnification, equitable indemnification, breach of contract, negligence, and negligent supervision. **Ex. 4**, ¶¶ 79-109.

38. By Order dated December 3, 2025, the court in the Ford Lawsuit dismissed Sunbelt's third-party claims against MSS for equitable indemnification, negligence, and negligent supervision. A copy of this Order is attached hereto as **Exhibit 5**.

39. Pursuant to the state court's December 3, 2025 Order, Sunbelt's causes of action against MSS for breach of contract and contractual indemnification remain pending. **Ex. 5**.

**The Current Dispute**

40. Sunbelt tendered its defense of the Ford Lawsuit to MSS. Copies of Sunbelt's tender demands are attached hereto as **Exhibit 6**.

41. Sunbelt alleges that, pursuant to the alleged contract between Sunbelt and MSS, Sunbelt is entitled to additional insured status under the Old Republic Policy. A copy of the alleged contract between Sunbelt and MSS is attached hereto as **Exhibit 7**.

42. The alleged contract between Sunbelt and MSS provides that MSS will maintain general liability insurance and that said policy will "name Sunbelt and its agents as an additional insured . . . ." **Ex. 7**.

43. The alleged contract between Sunbelt and MSS provides that MSS's "execution of this Contract or taking possession of the Equipment (whichever comes first) shall be deemed acceptance of the terms herein . . . ." **Ex. 7**.

44. The alleged contract between Sunbelt and MSS was never executed by MSS.

45. Upon information and belief, MSS never took possession of the equipment from Sunbelt.

46. As a result, there is no agreement between Sunbelt and MSS that requires Sunbelt to be included as an additional insured under the Old Republic Policy.

47. As a further result, Sunbelt is not an additional insured under the Old Republic Policy and is not entitled to a defense or indemnification from Old Republic in the Ford Lawsuit.

48. Old Republic is defending Sunbelt in the Ford Lawsuit pursuant to a complete reservation of rights.

49. Old Republic seeks declaratory relief from the Court that Old Republic is under no duty or obligation as set forth in the Old Republic Policy to defend or indemnify Sunbelt with regard to the Ford Lawsuit.

## DECLARATORY JUDGMENT

50. The allegations in paragraphs 1-43 above are realleged as though repeated verbatim herein.

51. There is a justiciable controversy existing between the parties as to their rights and duties under the Old Republic Policy, in that the resolution of coverage matters may affect the rights and liabilities of Old Republic's duty to defend and indemnify Sunbelt with regard to the Ford Lawsuit.

52. Upon information and belief, Sunbelt asserts that it is entitled to status as an additional insured under the Old Republic Policy.

53. Upon information and belief, Sunbelt's assertion that it is entitled to status as an additional insured under the Old Republic Policy is based upon the alleged contract between Sunbelt and MSS.

54. Upon information and belief, the alleged contract between Sunbelt and MSS was never executed by MSS.

55. Upon information and belief, MSS never took possession of the equipment from Sunbelt.

56. Accordingly, Sunbelt is not an additional insured under the Old Republic Policy.

57. Old Republic is entitled to a declaration that it owes no duty to defend or indemnify Sunbelt in the Ford Lawsuit.

**WHEREFORE**, Plaintiff prays the Court to issue a declaration that:

(a) Old Republic owes no duty to defend Sunbelt in the Ford Lawsuit;

(b) Old Republic owes no duty to indemnity Sunbelt in the Ford Lawsuit; and

(c) Old republic is entitled to recover from Sunbelt its attorneys' fees and costs in bringing this action and for any other remedy as the Court deems appropriate.

July 23, 2026

**HUBBARD & GOTTSCHALL LAW**

s/ *William H. Jordan*
Brandon R. Gottschall (Fed ID No. 12201)
William H. Jordan (Fed ID No. 10174)
1320 Main Street, Suite 300
Columbia, South Carolina 29201
brg@hglawsc.com
whj@hglawsc.com
(864) 280-9840

**Attorneys for Plaintiff Old Republic Insurance Company**